IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD AIKEN, | : |
| Petitioner, | : |
| v. | : Civil Action No. 23-1126-GBW |
| SCOTT CERESINI, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM OPINION

Richard Aiken. *Pro se* Petitioner.

May 16, 2024
Wilmington, Delaware

Williams, District Judge:

Petitioner is proceeding *pro se* with a petition for federal habeas relief ("Petition") which appears to be filed pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1; D.I. 3; *see* D.I. 4 at 1) For the reasons discussed, Petitioner is ordered to show cause why the instant Petition should not be dismissed for being time-barred.

## I. BACKGROUND

On September 30, 2016, a Delaware Superior Court found Petitioner guilty of two counts of second degree burglary, two counts of criminal mischief (less than $1,000), five counts of theft ($1,500 or greater), one count of second degree conspiracy, and tampering with a witness. *See Aiken v. State*, 173 A.3d 536 (Table), 2017 WL 4792211, at *2 (Del. Oct. 23, 2017); *Aiken v. State*, 2017 WL 2225872, at *1 (State's Ans. App. Brief Mar. 18, 2020). Petitioner filed a motion for judgment of acquittal or a new trial. *See Aiken*, 2017 WL 4792211, at *2. The Superior Court granted the motion for judgment of acquittal with respect to three of the theft charges, and denied the motion as to the remaining convictions. *See id.* Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment on October 23, 2017. *See id.* at *6.

Thereafter, Petitioner filed in the Delaware Superior Court a timely *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal

Rule 61 ("Rule 61 motion"), which the Superior Court denied on February 19, 2020. *See State v. Aiken*, 2020 WL 814358, at *12 (Del. Super. Ct. Feb. 19, 2020). The Delaware Supreme Court affirmed that decision on November 18, 2020. *See Aiken v. State*, 242 A3d 595 (Table), 2020 WL 6787525, at *1 (Del. Nov. 18, 2020).

Petitioner filed the Petition presently pending before the Court on October 4, 2023.[1] (D.I. 1; D.I. 1-1 at 1) The Petition alleges that: (1) defense counsel provided ineffective assistance during Petitioner's suppression hearing and trial; (2) evidentiary errors and rulings occurred during Petitioner's suppression hearing and trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) the trial court erred by not giving an alibi jury instruction; and (4) cumulative error. (D.I. 3)

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, imposes a one-year period of limitation on the filing of habeas petitions and effectively precludes petitioners from filing a second or subsequent

---

[1] The Petition's signature page is dated October 4, 2023, and the envelope in which Petitioner mailed the Petition is postmarked October 4, 2023. (D.I. 1 at 9; D.I. 1-1 at 1) Given these circumstances, the Court adopts October 4, 2023 as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

3

habeas application except in the most unusual of circumstances. *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). AEDPA's limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021).

4

## III. DISCUSSION

The instant § 2254 Petition, filed in 2023, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions on October 23, 2017, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on January 22, 2018. Applying the one-year limitations period to that date, Petitioner had until January 22, 2019 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until

5

October 4, 2023, four years and eight months after that deadline. Thus, the Court's preliminary screening of the Petition indicates that the Petition is untimely.

AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland*, 560 U.S. at 645 (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps*, 572 F. Supp. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz,* 204 F.3d at 424.

The last post-conviction motion challenging Petitioner's convictions – and therefore, the last possible motion that could trigger statutory tolling here– appears to be the Rule 61 motion that Petitioner filed after the Delaware Supreme Court

6

affirmed the Superior Court's ruling on his motion for judgment of acquittal.[2] The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on November 18, 2020, which is also the last day for any tolling associated with Petitioner's Rule 61 motion. Since Petitioner filed the instant Petition almost three full years after the Delaware Supreme Court's November 18, 2020 decision, statutory tolling does not render the Petition timely filed.

Given these circumstances, the only way for the instant Petition to be deemed timely filed is if equitable tolling applies or Petitioner establishes a gateway claim of actual innocence. Equitable tolling is only appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance

---

[2] Petitioner does not identify any state post-conviction motions that were filed after his Rule 61 motion, and the Court's research has not revealed any additional post-conviction motions other than the aforementioned Rule 61 motion.

7

alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir.2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir.2008).

In addition, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Wallace*, 2 F.4th at 150-151.

Petitioner does not address the equitable tolling doctrine or allege his actual innocence. Nevertheless, the Court will, in the interest of justice, provide Petitioner with an opportunity to show cause why these doctrines should apply and

8

prevent his Petition from being dismissed as untimely under 28 U.S.C. § 2244(d)(1). In his response to this Memorandum Opinion, Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations and/or why he satisfies the actual innocence exception to the time bar.

## IV. CONCLUSION

For the reasons set forth above, the Court has concluded that the instant Petition is untimely. Accordingly, Petitioner shall show cause why his Petition should not be dismissed for being time-barred. A separate Order will be entered.